996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Eugene CURTIS, Defendant-Appellant.
 No. 92-8029.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1993.
 
 1
 Before SEYMOUR and KELLY, Circuit Judges, and LEONARD,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LEONARD, District Judge.
 
 
 4
 This appeal seeks to reverse the enhancement of Defendant-Appellant's sentence pursuant to 18 U.S.C. § 924(e). Defendant-Appellant Curtis pleaded guilty to one count charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). Based on evidence of convictions of five prior felonies, the court sentenced the Defendant-Appellant to be imprisoned for a term of 182 months. Defendant seeks to show that three of the prior felonies were not proper felonies for enhancement purposes.
 
 
 5
 Under 18 U.S.C. § 924(e), a person who is convicted of being a felon in possession of a firearm who in addition has three previous convictions for violent felonies will be imprisoned for a mandatory minimum of 15 years.
 
 
 6
 The Defendant-Appellant does not contest that two of the five felony convictions were violent felonies. Therefore, if the United States of America shows that any one of the three convictions in question is a proper conviction for enhancement purposes, the judgment of the lower court shall be affirmed. This court finds that Defendant-Appellant's Arkansas conviction of aggravated robbery is a proper conviction for enhancement purposes and affirms the judgment below.
 
 AGGRAVATED ROBBERY
 
 7
 Appellant-Defendant argues that while he pleaded guilty to aggravated robbery, he in fact did not engage in the conduct alleged. In the Information of the aggravated robbery, it is stated that the Defendant-Appellant did unlawfully and feloniously "while armed with a deadly weapon, threaten to employ immediate physical force upon an employee of Senior Bob's Taco Hut with the purpose of committing a theft[.]"
 
 
 8
 The Defendant-Appellant states that he drove the getaway car, and did not threaten to employ immediate physical force upon any person. In his brief, he states: "The statute and Information alone would end the inquiry if the Appellant had, in fact, engaged in the conduct alleged. The Appellant did not. Appellant did not wield a weapon or threaten an employee. The application of the categorical approach to this particular 'conviction' would simply work an injustice. Whether foolishly or for the purposes of convenience or based upon bad legal advice, the Appellant apparently pled to an offense the elements of which did not apply to his conduct." (Emphasis in original.) Appellant's Principal Brief, pages 11-12.
 
 
 9
 Defendant-Appellant argues that this court should look to the particular facts underlying the conviction and apply the "otherwise" clause of § 924(e) for the definition of violent felony which states: "... otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" This court declines to do so.
 
 ANALYSIS
 
 10
 The Supreme Court of the United States has clearly held that enhancement under § 924(e) mandates a formal categorical approach and does not look to the particular facts underlying a conviction. Taylor v. United States, 495 U.S. 575, 600 (1990). The Taylor court stated that allowing factual inquiries underlying a conviction would present practical difficulties and potential unfairness. Id. at 601. The Taylor court said: "We think the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." Id. at 602. From our reading of the Taylor case, we find that this court under these circumstances should look to the fact of conviction and the statutory definition of the prior offense only.
 
 
 11
 Appellant-Defendant concedes that the Arkansas statute regarding aggravated robbery comes within the definition of generic burglary as defined in the Taylor case. As already cited above in Appellant's Principal Brief, Appellant-Defendant states that the statute and Information alone would end the inquiry if the Appellant had, in fact, engaged in the conduct alleged. Appellant's Principal Brief, page 11.[1] Nor is the fact of the conviction questioned. Instead, the propriety of pleading guilty to a crime Appellant-Defendant now says he did not do is questioned, but not the fact of the conviction itself. Therefore, Defendant-Appellant does not question whether a conviction occurred, but rather questions whether the conviction should have occurred. Under the Taylor case, questioning the underlying facts of a conviction is not allowed.[2] Therefore, we find that Defendant-Appellant's conviction of aggravated robbery is a violent felony proper for enhancement purposes.
 
 CONCLUSION
 
 12
 The finding that aggravated robbery in this case is a proper violent felony for enhancement purposes renders moot the issues in the other two prior convictions. Under § 924(e), three prior convictions invokes the fifteen-year mandatory minimum sentence. Because Defendant-Appellant concedes two convictions as proper convictions for enhancement purposes, and we find the aggravated robbery a proper conviction for enhancement purposes, the § 924 requirement of three prior convictions is satisfied.
 
 
 13
 Accordingly, the sentence rendered by the trial court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Timothy D. Leonard, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Also, in the sentencing proceeding Defendant-Appellant's attorney stated: "I can find--I will tell the court, I can find no problem with the armed robbery statute as the State of Arkansas had it in effect at the time of the entry of this plea." Tr. Vol. II at 15
 
 
 [2]
 There is a narrow exception noted in Taylor at 602. However, this exception is not applicable. In the case before the bar, Defendant-Appellant is attempting to re-visit the underlying facts to show that the plea was erroneous, which is precisely what is prohibited by Taylor